

**DISTRICT COURT**
**F I L E D**

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

FEB 2 0 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| TIM KIRK and TRACY KIRK, Individually and as Husband and Wife, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| CATLIN SPECIALTY INSURANCE COMPANY, a Foreign Insurance Corporation, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**CJ-2018-00740**

Case No. _____

Judge **JEFFERSON D. SELLERS**

Trial by Jury Demanded
Attorney's Lien Claimed
pursuant to 5 O.S. Sect. 6

### PETITION FOR CONTRACT REFORMATION, FOR UNDERINSURED MOTORIST INSURANCE POLICY BENEFITS, FAILURE TO RENDER GOOD FAITH AND FAIR DEALINGS AND FOR EXEMPLARY PUNITIVE DAMAGES

**COMES NOW**, Tim Kirk, and Tracy Kirk, individually and as husband and wife ("Kirks"),

Plaintiffs, by and through their attorney of record, Joseph F. Bufogle, Sr., of the firm Bufogle & Associates,

P.C., who for cause of action against the Defendants, Catlin Specialty Insurance Company, a Foreign

Insurance Corporation ("Catlin") hereinafter allege and state as follows:

### CAUSE OF ACTION

1.    Tim and Tracy Kirk, individually and as husband and wife ("Kirks") were residents of the

City of Tulsa, County of Tulsa, State of Oklahoma on the 28th day of July, 2016 when the subject

incident/collision occurred and on the 27th day of December, 2015 when the subject policy of insurance

commenced; that the same Kirks were and are the principal owners of all stock in the closed Limited

Liability Corporation known as House of Cars and Cycles, LLC., an Oklahoma Corporation;



2.      On or about the two dates mentioned above House of Cars and Cycles, LLC, an

Oklahoma Corporation, ("The Insured") was operated and run privately at 4620 S. Memorial Dr., Tulsa,

Oklahoma, 74145 in the City of Tulsa, County of Tulsa, State of Oklahoma as a small privately owned (by

Kirks) dealership which sold car(s), motor home(s) and motorcycle(s) sales company;

3.      Catlin is an insurance company formed at 160 Greentree Drive, Suite 101, Dover,

Delaware, 19904, and operates as a Delaware Corporation, performing underwriting and processed claims

at its Office at 4900 N. Scottsdale Road, Suite 3600, Scottsdale, Arizona, 85251; Catlin is not licensed

in the State of Oklahoma to conduct such buisness.

4.      On or about the 27th day of December, 2015, Catlin, by and through its underwriting agent;

issued its policy of insurance, Policy # 3500302170, as renewal of a previously held identical policy to The

Insured, including in its policy Forms and Endorsements its endorsement #CA 2118 0212 providing

Oklahoma Uninsured Motorists Coverage for which Catlin charged and Kirks/The Insured paid $226.00

in premiums which were received by Catlin placing the coverage for Underinsured Motorist Coverage upon

the said policy for coverages up to the amount of One Million Dollars ($1,000,000.00) per occurrence for

any such loss; that the said policy was to expire on or about Midnight on December 27th, 2016;

5.      The said policy provided coverage to individuals injured, named insured or otherwise, by

underinsured motorists while occupying or operating an insured vehicle;

6.      The said policy was sold and underwritten defectively because its "Named Insured", as

defined, only included the Corporation, House of Cars and Cycles, LLC., when the obvious intended

beneficiaries were humans and not a corporation, who could suffer injury from an uninsured motorist and

be covered by the said policy in the event of collision; that it was the intention of the parties in underwriting

the said policy that it would have a beneficiary, in the event of loss, and that by making the "Named

Insured" a paper corporation, the literal translation of the policy, in not including Kirks as "Named Insured" was to not provide underinsued motorist coverage to anyone;

7.      Catlin insured seven cars belonging to a small closed corporation of which Kirks are the principal shareholders of The Insured.

8.      By mistake, the policy failed to list Kirks as additional named insureds, in addition to, The Insured. As a result, the policy on its face does not purport to provide Kirks and their family UM coverage;

9.      Tim was injured in a motor vehicle collision on the 28th day of July, 2016, while occupying a vehicle covered by the policy described.

10.     The error of Catlin in failing to write the policy in such a way that the Kirks are named as a Named Insured estopps Catlin from claiming there is no coverage and constitutes constructive fraud, since Catlin should not be permitted to benefit from its error, to the detriment of Kirks.

**WHEREFORE,** Kirks pray equitable relief that the policy be reformed to name Tim and Tracy Kirk ("Kirks") as additional Named Insurers, so that the policy's UM coverage will apply to the claims resulting from Tim Kirk's injuries.

## CAUSE OF ACTION FOR BREACH OF UNDERINSURED
## MOTORIST PROTECTION COVERAGE

Kirks reassert all provisions pled above in paragraphs 1 through 10 and for Cause of Action for Breach of Underinsured Motorist Protection Coverage, hereinafter further allege and state:

11.     That on or about the 28th day of July, 2016, at approximately 9:00 pm, at the 6300 block of East 51st Street, City of Tulsa, County of Tulsa, during the term of the policy of insurance cited above, Tim Kirk ("Tim") was operating a 2011 Black BMW AU bearing Vin Number WBAPM5C54BA745173 and 2017 Tag # 555JPG owned by Catlin's Named Insured House of Cars

and Cycles, LLC and provided for the personal and demonstrative use of its owner, Tim, when

William Lee Jones ("Jones"), who was intoxicated and traveling in the opposite direction to Tim caused

his vehicle to cross 51st street and strike Tim's vehicle, thereafter attempting to flee the scene by

proceeding in an easterly direction; that the collision occurred due to the negligence of Jones;

      12.    That the vehicle driven by Jones, which struck Tim and its driver was insured for

Twenty-Five Thousand Dollars ($25,000.00) by Harbor Insurance Company, an Oklahoma Insurance

Corporation ("Harbor");

      13.    That Tim was severely injured from the impact of the collision, was taken to the hospital

and suffered then and future damages including medical expenses, loss income, disability, and traumatic

brain injury all valued in an unspecified amount in excess of Ten Thousand Dollars ($10,000.00) and

the statutory limits of this Court, for which he made account and claim to Harbor and Catlin;

      14.    That Harbor paid Tim its Twenty-Five Thousand Dollars ($25,000.00) limit of liability

coverage for the injures of Tim and that prior to that Tim had made claim to Catlin for Underinsured

Motorist Coverages pursuant to the provisions of Catlin's policy;

      15.    That Catlin has failed and refused to pay any of its policy amounts to the Kirks, in

violation of its obligations pursuant to the said policy and are in breach of the contractual provisions

thereupon;

      16.    That Catlin has wrongfully denied Kirk's claims for underinsured motorist protection

benefits.

      17.    That the value of Kirks entire claim exceeds the jurisdictional limits of Seventy-Five

Thousand Dollars ($75,000.00), for removal to Federal Court, pursuant to Title 28, § 1332 of the

United States Code.

**WHEREFORE**, premises considered, Kirks make claim for an unspecified amount in excess of Ten Thousand Dollars ($10,000.00) for breach of Catlin's underinsured motorist policy, for the claims made and rejected by Catlin, for costs of this action, pre and post judgement interest as is afforded by the statutes of the State of Oklahoma and any and all other relief as this Court may deem just and equitable, and demand trial by jury on the merits.

## CAUSE OF ACTION FOR TORTIOUS FAILURE TO RENDER GOOD FAITH AND FAIR DEALINGS

Kirk reassert all provisions made above in paragraphs 1 through 17 above and for Cause of Auction for Tortious Failure to Render Faith and Fair Dealings, hereinafter allege and state as follows:

18.     That in processing the claims of Kirks, Catlin did commit at least the following acts, not limited as to those specified below:

A.      Unreasonable delay;

B.      Assertion of multiple unreasonable causes to first delay and finally deny coverage to the Kirks for their losses;

C.      Failure to investigate the claims of the Kirks;

D.      Refusal to accept the documents and facts that were provided to prove Kirk's claim for damages and coverages;

E.      Refusal to promptly and reasonably allow a waiver of subrogation of its policy and eventual payment amounts to Harbor Insurance Company to permit Kirks to complete settlement with Jones and Harbor of the negligent person's Twenty-Five Thousand Dollars ($25,000.00) policy limits;

F.      Failure to respond to or reply to the correspondence and claims as submitted by Kirks and their representatives;

G.      Conduction investigations not to determine its coverages and liabilities but with the specific intent of denial, delay and opposition of the legitimate claims of its insureds;

H.      Reliance on invalid, improper and erroneously technical reasons for delay and denial of coverages and claims;

I.      Refusal to negotiate the said claims above described;

19.     As a result of the actions of Catlin, as described above, Kirks have suffered personal emotional distress and personal economic loss in an unspecified amount in excess of Ten Thousand Dollars ($10,000.00);

20.     That the value of Kirk's entire claim exceeds the jurisdictional limits of Seventy-Five Thousand Dollars ($75,000.00) for removal to Federal Court pursuant to Title 28, § 1332 of the United States Code.

**WHEREFORE**, premises considered, Kirks make claim for an unspecified amount in excess of Ten Thousand Dollars ($10,000.00) for Tortious Failure to Render Good Faith and Fair Dealings, for costs of this action, pre and post judgement interest as is afforded by the Statutes of the State of Oklahoma, for attorney fees as is afforded by the Statutes of the State of Oklahoma, and for any and all other relief as this Court may deem just and equitable and for trial by jury on the merits;

## CAUSE OF ACTION FOR PUNITIVE AND/OR EXEMPLARY DAMAGES

Kirks reassert all provisions made above in paragraphs 1 through 20 and for cause of action for damages of an exemplary or punitive nature, Kirks further allege and state:

21.     That the actions of Catlin were unfair; that Catlin exererised undo tactics against Kirks for unjust payment avoidance; that Catlin used bogus reasons for delay of payment; that Catlin's investigation was biased and not conducted in accordance to the duties the statutes and law of the State of Oklahoma require of an underinsured motorist insurer and that the actions of Catlin in committing its acts of avoidance delay and denial were of a nature that the ordinary, reasonable and prudent person to

become outraged in review of same, for which damages of a punitive and/or exemplary nature are and should be assessed in an unspecified amount in excess of Ten Thousand Dollars ($10,000.00);

22.     That the value of Kirk's entire claim exceeds the jurisdictional limits of Seventy-Five Thousand Dollars ($75,000.00) for removal to Federal Court pursuant to Title 28, § 1332 of the United States Code.

**WHEREFORE**, premises considered, Kirks make claim for punitive and exemplary damages in an unspecified amount in excess of Ten Thousand Dollars ($10,000.00) plus costs of this actions, pre and post judgement interest as is afforded by the Statutes of the State of Oklahoma and for any and all other relief as this Court may deem just and equitable and for trial by jury on the merits.

Respectfully Submitted,

**BUFOGLE & ASSOCIATES, P.C.**

By: _____

Joseph F. Bufogle, Sr., OBA # 10554
2405 E. Skelly Dr.
Tulsa, OK 74105
918-587-3407/918-587-3437 Facsimile
jfbufogle@msn.com
**ATTORNEY FOR PLAINTIFFS**